1 GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
2 ADAM J. WAX, ESQ.
Nevada Bar No. 12126
3 KRAVITZ, SCHNITZER, & JOHNSON, CHTD.
8985 So. Eastern Avenue, Suite 200
4 Las Vegas, Nevada 89123
Telephone:  (702) 352-6666
5 Facsimile:  (702) 362-2203
Email: gschnitzer@ksjattorneys.com
6           awax@ksjattorneys.com
*Attorneys for Plaintiff,*
7 *Pro-Tect Security Services, LLC*

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

| | |
|---|---|
| 11 PRO-TECT SECURITY SERVICES, LLC, a Nevada Limited Liability Company, | Case No.: |
| 12                          Plaintiff, | **COMPLAINT FOR:** |
| 13 vs. | 1) **BREACH OF CONTRACT;** |
| 14 INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., an Arizona Corporation; | 2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| 15 INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., d/b/a SPECIAL | |
| 16 INTELLIGENCE SERVICE, an Arizona Corporation;  DOE INDIVIDUALS I through X, | 3) **OR IN THE ALTERNATIVE, UNJUST ENRICHMENT.** |
| 17 inclusive; and ROE BUSINESS ENTITIES I through X, inclusive, | |
| 18 | |
| 19                          Defendants. | |

20                            **COMPLAINT**

21

22      COMES NOW, Plaintiff, PRO-TECT SECURITY SERVICES, LLC (the "Plaintiff"), by

23 and through its attorneys of record, the law firm of KRAVITZ, SCHNITZER & JOHNSON,

24 CHTD., prays and alleges, upon knowledge as to itself and otherwise upon information and

25 belief, against Defendants, INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., and

26 INTEGRATED   SYSTEMS   IMPROVEMENT   SERVICES,   INC.,   d/b/a   SPECIAL

27 INTELLIGENCE SERVICE (collectively, the "Defendants"), as follows:

28

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

1

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

## INTRODUCTION

1.     Plaintiff, PRO-TECT SECURITY SERVICES, LLC ("Plaintiff") entered into a Subcontract Agreement dated June 1, 2015, with Defendants (the "Subcontract Agreement").

2.     Pursuant to the "Scope of Work" terms and conditions contained in the Subcontract Agreement, Plaintiff was to provide security and executive protection for All Net, LLC, ("All Net") a limited liability company formed by a former UNLV and NBA basketball player, Jackie L. Robinson ("Mr. Robinson"), to fund and develop a sports arena and resort in Las Vegas, Nevada, to be called the "All Net Arena and Resort."

3.     The "All Net Arena and Resort" has not been built as of the date of this Complaint.

4.     Defendants failed to timely and fully pay Plaintiff for the security and executive protection that Plaintiff was providing to All Net and/or Mr. Robinson pursuant to the terms and conditions of the Subcontract Agreement.

5.     This action is brought to recover the more than $206,943.48 that Defendants currently owe to Plaintiff for the services provided by Plaintiff to Defendants pursuant to the Subcontract Agreement.

## PARTIES

6.     Plaintiff, PRO-TECT SECURITY SERVICES, LLC ("Plaintiff"), is and was, at all times mentioned here, a Nevada limited liability company authorized to do business in Clark County in the State of Nevada, with its principal place of business in the State of Nevada.

7.     Defendant, INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., is and was, at all times mentioned herein, an Arizona corporation doing business in Clark County in the State of Nevada, with its principal place of business and headquarters located in the State of Texas.

2

8.      Defendant, INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., d/b/a SPECIAL INTELLIGENCE SERVICE, is and was, at all times mentioned herein, an Arizona corporation doing business in Clark County in the State of Nevada, with its principal place of business and headquarters located in the State of Texas (Defendants, INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., and INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., d/b/a SPECIAL INTELLIGENCE SERVICE, collectively referred to herein as the "Defendants").

9.      The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOE INDIVIDUALS I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive, and each of them, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE INDIVIDUAL and/or ROE BUSINESS ENTITY is legally responsible for and liable to Plaintiff in some way and/or manner for the events, occurrences, and happenings which proximately caused damages to Plaintiff, PRO-TECT SECURITY SERVICES, LLC, as herein alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and capacities of Defendants DOE INDIVIDUALS I through X, inclusive, and ROE BUSINESS ENTITIES I through X, inclusive, when the same has been ascertained by Plaintiff, together with the appropriate charging allegations to join such Defendants in this action.

10.      At all times relevant herein, each Defendant was and is an agent, servant, employee, or joint venture of each and every other Defendant herein, and at all times mentioned herein was acting within the scope and course of said agency, employment, or joint venture with knowledge and permission and consent of all other Defendants.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

## JURISDICTION AND VENUE

11.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Complaint and incorporates each as though fully set forth herein.

12.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) based upon the diversity between Plaintiff, a Nevada limited liability company, and Defendants, who, upon information and belief, are Arizona corporations with their principal place of business and headquarters located in the State of Texas. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interest and costs

13.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in Nevada, where Plaintiff was providing security and executive protection for All Net pursuant to the terms and conditions of the Subcontract Agreement. The place of performance as specified by the Subcontract Agreement is also Las Vegas, Nevada, further confirming that venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2)

## GENERAL ALLEGATIONS

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint and incorporates each as though fully set forth herein.

15.     On or about June 1, 2015, Plaintiff and Defendants entered into the Subcontract Agreement whereby Plaintiff was to provide security and executive protection for All Net pursuant to the terms and conditions of the Subcontract Agreement.

16.     Following entering into the Subcontract Agreement, Plaintiff performed security and executive protection for All Net pursuant to the terms and conditions of the Subcontract Agreement.

4

17.     More specifically, Plaintiff provided personnel, supervision, materials, and other assets necessary to conduct executive protection for All Net.

18.     Plaintiff provided all personnel, materials, and equipment to conduct the security and executive protection for All Net through the employment of professionally qualified and highly competent staff.

19.     Plaintiff timely and properly submitted invoices to Defendants for the security and executive protection provided by Plaintiff.

20.     Plaintiff submitted invoices to Defendants on the following days and for the following amounts:

  a. Invoice # 1382 dated July 1, 2015, for $70,390.55;

  b. Invoice # 1383 dated July 1, 2015, for $1,163.82;

  c. Invoice # 1416 dated August 1, 2015, for $58,201.99;

  d. Invoice # 1417 dated August 5, 2015, for $27,762.88;

  e. Invoice # 1488 dated September 3, 2015, for $29,188.91;

  f. Invoice # 1489 dated September 3, 2015, for $17,745.14;

  g. Invoice # 1509 dated September 4, 2015, for $1,348.43; and

  h. Invoice # 1510 dated September 4, 2015, for $1,141.76 (collectively, the "Invoices").

21.     Pursuant to the Invoices and the Subcontract Agreement, Plaintiff provided $206,943.48 in services to Defendants.

22.     Plaintiff performed all obligations required under the Subcontract Agreement.

23.     Plaintiff performed all the required security and executive protection for All Net pursuant to the terms and conditions of the Subcontract Agreement.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

24.     Plaintiff completed all the services specified on the Invoices at the agreed upon rates reflected as Exhibit "B" to the Subcontract Agreement.

25.     Despite demand, Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the balance owed by Defendants to Plaintiff of $206,943.48.

26.     Plaintiffs have attempted to resolve this dispute by alternative dispute resolution as required pursuant to Section 11 of the Subcontract Agreement. However, Defendants failed, neglected, and/or refused to respond to written correspondence within thirty (30) days of the April 12, 2017, written correspondence from Plaintiff's counsel to Defendants. Further, Defendants failed, neglected, and/or refused to respond to Plaintiff and/or the American Arbitration Association within seven (7) days following this dispute being submitted to the American Arbitration Association on or about May 26, 2017.

27.     As of the date of this Complaint, the total balance currently owed from Defendants to Plaintiff regarding the Invoices for the security and executive protection for All Net provided by Plaintiff pursuant to the terms and conditions of the Subcontract Agreement is $206,943.48.

## FIRST CAUSE OF ACTION
### (Breach of Contract – Subcontract Agreement by all Defendants)

28.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint and incorporates each as though fully set forth herein.

29.     Plaintiff and Defendants entered into a valid and existing contract, the Subcontract Agreement.

30.     Plaintiff performed all of its obligations under the Subcontract Agreement as Plaintiff completed all the security and executive protection for All Net as required by the Subcontract Agreement.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

6

31.     More specifically, Plaintiff provided personnel, supervision, materials, and other assets necessary to conduct executive protection for All Net.

32.     Plaintiff provided all personnel, materials, and equipment to conduct the security and executive protection for All Net through the employment of professionally qualified and highly competent staff.

33.     Plaintiff timely and properly submitted the Invoices to Defendants for the security and executive protection provided by Plaintiff.

34.     Defendants, and each of them, have materially breached the Subcontract Agreement, a valid and enforceable contract with Plaintiff, by refusing to fully pay the money owed to Plaintiff as reflected on the Invoices. Defendants are in default regarding their payment owed to Plaintiff under the terms of the Subcontract Agreement.

35.     Defendants, and each of them, have failed to perform as required by the Subcontract Agreement by failing to pay Plaintiff, and Defendants were not excused from their obligation to perform pursuant to the Subcontract Agreement and/or to pay Plaintiff.

36.     By reason of Defendants' foregoing breach of contract and as a direct and proximate result thereof, Plaintiff has suffered damages in the amount of $206,943.48.

37.     That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorney's fees and costs associated therewith.

///

///

///

///

///

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Subcontract Agreement by all Defendants)

38.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 of this Complaint and incorporates each as though fully set forth herein.

39.     Each party to every contract formed in the state of Nevada has a duty of good faith and fair dealing.

40.     Plaintiff and Defendants entered into a valid and enforceable contract on or about June 1, 2015, the Subcontract Agreement.

41.     Defendants owed Plaintiff a duty of good faith and fair dealing with respect to all the terms and conditions of the Subcontract Agreement.

42.     Defendants have breached their duty of good faith and fair dealing to Plaintiff by Defendants failing to pay Plaintiff and thus performing (or failing to perform) on the Subcontract Agreement in a manner that was unfaithful to the purpose of the contract, the Subcontract Agreement.

43.     Plaintiff's justified expectations were thus denied.

44.     As a result of Defendants' breach of the implied covenant good faith and fair dealing, Plaintiff is entitled to an award of damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

45.     That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorney's fees and costs associated therewith.

///

///

//

8

In the alternative, if the Court finds that there is no contractual relationship between the parties, Plaintiff alleges the following cause of action:

## THIRD CAUSE OF ACTION
### (Unjust Enrichment by all Defendants)

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint and incorporates each as though fully set forth herein.

47.     Plaintiff provided costly services to Defendants that Defendants utilized.

48.     More specifically, Plaintiff performed security and executive protection for All Net.

49.     Furthermore, Plaintiff provided personnel, supervision, materials, and other assets necessary to conduct executive protection for All Net.

50.     Plaintiff provided all personnel, materials, and equipment to conduct the security and executive protection for All Net through the employment of professionally qualified and highly competent staff.

51.     Plaintiff timely and properly submitted the Invoices to Defendants for the security and executive protection provided by Plaintiff.

52.     Defendants unjustly retained the services of Plaintiff without paying for the services.

53.     Defendants unjustly retained the total balance currently owed from Defendants to Plaintiff of $206,943.48

54.     Defendants unjustly retaining the money and services of Plaintiff without paying for the services is against fundamental principles of justice or equity and good conscience.

55.     That as a direct and proximate result of Defendants being unjustly enriched by retaining the services of Plaintiff without properly paying Plaintiff, Plaintiff has suffered damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

9

KRAVITZ, SCHNITZER & JOHNSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

56.     That it has been necessary for Plaintiff to retain the services of legal counsel to prosecute this action, and Plaintiff is, therefore, entitled to reasonable attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

1.     For monetary damages associated with breach of contract;

2.     For monetary damages associated with breach of the implied covenant of good faith and fair dealing;

3.     For monetary damages associated with unjust enrichment;

4.     For accrued interest on all damages at the highest legal rate;

5.     For reasonable attorney's fees and costs of suit; and

6.     For such other and further relief as this Court may deem just and proper.

DATED this _16_ day of June, 2017.

KRAVITZ, SCHNITZER & JOHNSON, CHTD.

BY: _____
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
ADAM J. WAX, ESQ.
Nevada Bar No. 12126
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:  (702) 352-6666
Facsimile:   (702) 362-2203
Email: gschnitzer@ksjattorneys.com
Email: awax@ksjattorneys.com
*Attorneys for Plaintiff,*
*Pro-Tect Security Services, LLC*