1

2

3

4

5

6

7   **UNITED STATES DISTRICT COURT**

8   **DISTRICT OF NEVADA**

9

10   TRADE SHOW SERVICES, LTD,                )          Case No. 2:17-cv-01685-JAD-NJK
                                              )
11                    Plaintiff(s),           )          ORDER
                                              )
12   v.                                       )          (Docket Nos. 22, 23)
                                              )
13   INTEGRATED SYSTEMS IMPROVEMENT           )
     SERVICES, INC., et al.,                  )
14                                            )
                      Defendant(s).           )
15   _____      )

16          Pending before the Court is the parties' second stipulation to file all briefings and exhibits related

17   to Plaintiff's motion to disqualify under seal and to continue the Fed.R.Civ.P. 26(f) conference. Docket

18   No. 22. Also pending before the Court is Plaintiff's motion to disqualify. Docket No. 23. For the

19   reasons discussed below, the Court **DENIES** without prejudice the parties' stipulation, and Plaintiff's

20   motion to disqualify.

21          The parties' stipulation to seal is defective in several respects. First, the stipulation to seal itself

22   was improperly filed under seal. A request to seal should be filed publicly, and the material for which

23   sealing is sought should be filed separately under seal pending resolution of the request to seal. *See*

24   Local Rule IA 10-5(a).

25          Second, the stipulation to seal does not sufficiently address the applicable standards. On

26   November 15, 2017, the parties filed a stipulation to file all briefings and exhibits related to Plaintiff's

27   motion to disqualify under seal and stipulation to continue the Fed.R.Civ.P. 26(f) conference. Docket

28   No. 20. On November 16, 2017, the Court denied without prejudice the parties' stipulation. Docket No.

21. The Court provided the parties with the requisite standards a motion to seal must comply with, notably the standards provided in *Kamakana v. City & County of Honolulu. See* 447 F.3d 1172 (9th Cir. 2006); *see also* Docket No. 20. The Court will not repeat the requisite standards or its analysis here but will note that the parties fail to submit "compelling reasons supported by *specific* factual findings" as to what information in each document requested to be sealed is confidential, privileged, or otherwise and how that information meets the applicable standards. *Kamakana v. City & County of Honolulu*, 447 F.3d at 1178 (emphasis added).

Third, the parties fail to state whether the documents they request to be sealed could be redacted and, if so, which portions. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material"); Docket No. 21.

Fourth, the parties request, for a second time, that the motion to seal apply to pleadings that have not yet been filed (Defendant's response and exhibits to Plaintiff's motion to disqualify and Plaintiff's reply and exhibits). Docket No. 22 at 2; *see also* Docket No. 21 at 3. The Court previously addressed this issue and will not repeat its analysis here. Docket No. 21 at 3.

In light of the above, the Court **DENIES** without prejudice the parties' second stipulation to file all briefings and exhibits related to Plaintiff's motion to disqualify under seal and stipulation to continue the Fed.R.Civ.P. 26(f) conference. Docket No. 22. Further, as the motion itself is improperly filed entirely under seal, the Court **DENIES** without prejudice Plaintiff's motion to disqualify. Docket No. 23. The Court **STRIKES** the filings at Docket Nos. 23, 24, 25, and 26 for noncompliance with the Court's Local Rules.

IT IS SO ORDERED.

DATED: December 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge