**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRADE SHOW SERVICES, LTD, | ) |
| Plaintiff(s), | ) Case No. 2:17-cv-01685-JAD-NJK |
| vs. | ) ORDER |
| INTEGRATED SYSTEMS IMPROVEMENT SERVICES, INC., et al., | ) (Docket No. 45) |
| Defendant(s). | ) |

Pending before the Court is Plaintiff's motion to seal. Docket No. 45. Plaintiff submits that certain portions of the exhibits submitted in support of its motion to disqualify Defendant's counsel should be sealed or, in the alternative, redacted. *Id.*; *see also* Docket Nos. 42, 43, 44 (motion to disqualify and accompanying exhibits). Plaintiff's exhibits to its motion to disqualify include: the names of trusts established by Plaintiff's owner (Leslie Bruno), the trusts' beneficiaries, trustees, and successor trustees, the trustees' compensation, the trusts' distribution, Ms. Bruno's social security number, home address, cell phone number, and home telephone number, the name of Ms. Bruno's adult son, the addresses for Ms. Bruno's investment properties, Ms. Bruno's health directives and her health care agent's contact information, membership information for one of Ms. Bruno's corporate entities, and information regarding the scope of legal services provided by Defendant's counsel to Ms. Bruno and details regarding Ms. Bruno's various estate planning vehicles. Docket No. 45 at 7-24 (internal citations omitted).

1  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must
2  meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City &*
3  *County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Those compelling reasons must outweigh
4  the competing interests of the public in having access to the judicial records and understanding the
5  judicial process. *Id.* at 1178-79. In this case, the Court finds that compelling reasons exist to support
6  some of the requested redactions. Accordingly, the motion to seal is **GRANTED** in part and **DENIED**
7  in part. Docket No. 45.

Exhibits 6, 7, 8, 9, 10, 12, 13, 16, 17, 19, 20, 21, 22, and 29 may remain as redacted. *See*
*generally* Docket Nos. 29, 30. Exhibits 24 and 25 shall be maintained under seal. Docket No. 44 at 80-90.

As to Ms. Bruno's home address in exhibit 1, it appears that the redacted version is worded differently than the un-redacted version and may refer to the actual address. Docket No. 29 at 7. However, the un-redacted version does not contain Ms. Bruno's home address, only the county in which her home is located. Docket No. 43 at 7. In addition to the standard established by Local Rule IC 6-1(a)(5), the Court does not find compelling reasons to support redaction of Ms. Bruno's home county.

As to exhibit 14, Plaintiff may redact the name of the owner of Pro-Tect Security Services, LLC, but may not maintain the entirety of the exhibit under seal. Docket No. 30 at 40. As to exhibit 15, Plaintiff may redact the name(s) of Pro-Tect Security Services, LLC's officer(s) and manager(s) but may not maintain the entirety of the exhibit under seal. *Id.* at 42, 43, 45-49. As to exhibit 18, Plaintiff may redact the actual health care directive provided in the first paragraph but may not maintain the entirety of the exhibit under seal. *Id.* at 61.

//
//
//
//
//
//

The Court **ORDERS** Plaintiff to file a new and complete version the exhibits accompanying its motion to disqualify with the above specifications, no later than March 9, 2018. Only exhibits 24 and 25 shall be filed under seal. A courtesy copy of the new filing is not necessary. The Court **STRIKES** the filings at Docket Nos. 29, 30, 42, 43, and 44.

IT IS SO ORDERED.

DATED: March 5, 2018

                                                _____
NANCY J. KOPPE
United States Magistrate Judge